United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LESLIE SANCHEZ BORRERO,

Plaintiff,

v.

META PLATFORMS INC.,

Defendant.

Case No. 25-cv-09956-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Pro se Plaintiff Lesle Borrero sues Defendant Meta Platforms, Inc. ("Meta") for negligence, negligent misrepresentation, breach of contract, and, in the alternative, conversion, based on Meta's response when hackers gained unauthorized access to her Meta accounts. Plaintiff failed to oppose the motion, and the motion could be granted on these grounds. However, in light of Plaintiff's pro se status, we are reaching the merits. The Plaintiff is advised that going forward failure to abide by the rules may result in dismissal of this action. The motion is granted without leave to amend as to Plaintiff's negligence claim and with leave to amend as to Plaintiff's negligent misrepresentation claim and denied as to Plaintiff's claims for breach of contract and conversion for the reasons set forth below.

## II. BACKGROUND

Plaintiff is a Facebook user with a personal account and a professional page that she used to market her interior-design and real-estate services. Before she lost access to her account, her professional page had 14,800 followers.

All Facebook users must agree to Meta's Terms of Service ("TOS"), which is incorporated by reference in the Complaint. Dkt. 1-1 ¶¶ 10–11. The TOS includes certain disclaimers and limitations of liability as well as statements about Facebook's products and services offerings to users.

In 2014, hackers gained unauthorized access to Plaintiff's account and initiated transactions exceeding $3,000. Meta's system invoiced $828, with $100 of that charged to payment cards linked to Plaintiff's professional account. Plaintiff immediately reported the unauthorized activity to Meta through its Help Center. Meta did not provide human customer support. Ten months later, the charges were reversed. Meta also disabled Plaintiff's access to her account.

As a consequence of being locked out of her professional page, Plaintiff alleges she has lost contact with existing and prospective clients, suffered reputational damage, lost income and opportunities, and experienced significant emotional distress. She sues for breach of contract, negligence, negligent misrepresentation, and, in the alternative, conversion for wrongfully taking over Plaintiff's content, data, and communications without lawful justification. She seeks compensatory damages and injunctive relief requiring Meta to restore Plaintiff's access to her Facebook pages, remove content posted by unauthorized users, and implement reasonable measures to prevent further unauthorized activity.

Plaintiff filed this suit in Florida state court. Meta subsequently removed the case to Federal district court in Florida based on diversity jurisdiction and moved to dismiss Plaintiff's complaint or, alternatively, transfer venue to the Northern District of California. The motion to dismiss was denied, and the motion to change venue was granted. The case was transferred to the Northern District, and this motion to dismiss followed.

United States District Court
Northern District of California

ORDER RE MTD
CASE NO. 25-cv-09956-RS

2

### III. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332(a). Plaintiff resides in Florida, and Meta is incorporated in Delaware with a principal place of business in California. Plaintiff also demands compensatory damages of "not less than" $250,000. Dkt. 1-1, Compl., ¶ 20.

### IV. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When a complaint is brought by pro se plaintiffs, the Court is obligated to evaluate the claims liberally. *See Hebbe v. Pillar*, 627 F.3d 338, 342 (9th Cir. 2010).

Courts must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, a court is not bound to accept legal conclusions couched as factual allegations as true. *Twombly*, 500 U.S. at 555.

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996).

## V. DISCUSSION

### A. The Economic Loss Rule Bars Plaintiff's Negligence Claim

Under California law, the economic loss rule precludes a party from recovering both in contract *and* in tort unless it "can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). This means a party cannot recover pure monetary damages that "resulted from a breach of contract unless he can show a violation of some independent duty arising in tort." *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021).

Plaintiff asserts that "Meta owed Plaintiff a duty of reasonable care to secure user accounts and payment methods and to respond appropriately to reports of fraud," and "Meta breached that duty by ignoring Plaintiff's fraud reports, failing to provide qualified support, and disabling Plaintiff's account without due investigation." Dkt. 1-1, Compl., ¶¶ 13–14. Since Plaintiff's theory of negligence is dependent on the existence of the TOS and coextensive with the theories on which her breach of contract claim is based, the negligence claim is barred by the economic loss rule.[1]

### B. The TOS Disclaimers and Limitations of Liability Do Not Bar Plaintiff's Claims

The TOS disclaimers and limitations of liability do not bar Plaintiff's claims as Meta suggests. Under Meta's reading, these provisions are potentially unconscionable and violative of Section 1668 of the California Civil Code.

In California, unconscionability includes an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821, 104 Cal.Rptr.3d 844

---

[1] The economic loss rule does not bar Plaintiff's negligent misrepresentation claim because it falls within the exception to the economic loss rule for fraudulent inducement to enter a contract. *See Erlich v. Menezes*, 21 Cal. 4th 543, 551–52 (1999); *Grouse River Outfitters Ltd. v. NetSuite, Inc.*, No. 16-cv-2954, 2016 WL 5930273, at *11 (N.D. Cal. Oct. 12, 2016) (Fraudulent inducement claims include "claims stated in negligent misrepresentation."). The economic loss rule does not bar Plaintiff's claim for conversion at this stage because Plaintiff alleges that Meta "host[s] [Plaintiff's] personal property on its… platform… and is knowingly withholding that property from h[er]," violating a duty separate from those that arise form the TOS. *See Matthews v. Apple, Inc.,* 769 F. Supp. 3d 999, 1006 (N.D. Cal. 2024).

(Cal. Ct. App. 2010) (citation omitted). Accordingly, unconscionability has both a "procedural" and a "substantive" element. *Id.* "[T]here is a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' " *Poublon v. C. H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910, 190 Cal.Rptr.3d 812, 353 P.3d 741 (2015)). Contracts of adhesion necessarily indicate "some degree of procedural unconscionability." *Id.*

Here, the TOS is a contract of adhesion because it is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *See Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 109 (2011). Although Facebook is not a necessity of life, making the procedural unconscionability less severe, the substantive unconscionability is great because the TOS seeks to avoid all liability for breach of any of Meta's promises or to cap damages such that no party would seek to vindicate her rights under the agreement. The TOS states in relevant part:

> Our Products, however, are provided "as is," and we make no guarantees that they always will be safe, secure, or error-free, or that they will function without disruptions, delays, or imperfections. To the extent permitted by law, we also DISCLAIM ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, AND NON-INFRINGEMENT. We do not control or direct what people and others do or say, and we are not responsible for their actions or conduct…

> …[O]ur liability shall be limited to the fullest extent permitted by applicable law, and under no circumstance will we be liable to you for any lost profits, revenues, information, or data, or consequential, special, indirect, exemplary, punitive, or incidental damages arising out of or related to these Terms or the Meta Products (however caused and on any theory of liability, including negligence).

Duffey Decl. Ex. A at § 4(3). These disclaimers and limitations of liability cannot be applied as Meta suggests because such reach may be found to be unconscionable.

Moreover, under California Civil Code Section 1668, "[a]ll contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful

injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668. "Provisions exculpating all liability for 'intentional wrongdoing' and 'gross negligence' are invalid under Section 1668." *New England Country Foods, LLC v. Vanlaw Food Prods., Inc.*, 87 F.4th 1016, 1020 (9th Cir. 2023) (citing *Westlake Cmty. Hosp. v. Superior Ct.*, 17 Cal. 3d 465, 479 (1976); *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747, 751 (2007)).

To the extent Meta argues the limitations of liability in the TOS bar liability for Plaintiff's negligent misrepresentation claims, this reading may violate public policy as contemplated by Section 1668 and thus be invalid. *See McQuirk v. Donnelley*, 189 F.3d 793, 797 n.5 (9th Cir. 1999) (negligent misrepresentation). The same is true for Plaintiff's conversion claim, based on Meta's intentional denial of access to Plaintiff's accounts. *See JUDY MAY, et al., Plaintiffs, v. GOOGLE LLC, et al., Defendants*, No. 24-CV-01314-BLF, 2026 WL 788376, at *12 (N.D. Cal. Mar. 20, 2026).

### C. Remaining Claims on the Merits

Having shown the TOS does not bar Plaintiff's claims at this stage, her claims must be assessed for their factual and legal sufficiency. For the reasons set forth below, Plaintiff's claim for negligent misrepresentation is pled insufficiently while her claims for breach of contract and conversion are sufficiently pled.

#### i.   Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must allege (1) misrepresentation of a material fact; (2) absent reasonable grounds for believing it to be true; (3) intent to induce reliance; (4) justifiable reliance by the plaintiff who is unaware the representation is false; and (5) damages. *Nat'l Union Fire Ins. Co. v. Cambridge Integrated,* 171 Cal.App.4th 35, 49, 89 Cal.Rptr.3d 473 (2009). Most courts in this district furthermore subject state common law negligent misrepresentation claims to the heightened pleading standards of Rule 9(b). *Jackson v. Fischer,* 2013 WL 6732872, at *17 (N.D.Cal. Dec. 20, 2013). These require pleading "the who, what, when, where, and how that would suggest fraud." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th

Cir. 1997) (internal quotation marks omitted). While more exacting than the burden imposed by Rule 8(a), this standard is not insurmountable. Instead, where plaintiffs have "placed [d]efendants on sufficient notice to respond to the alleged fraud… their allegations meet Rule 9(b)." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020).

The only misrepresentation alleged by Plaintiff is that "Meta affirmatively represents in its Terms of Service and Help Center that users will have access to meaningful account-recovery tools and live-support channels." Dkt. 1-1. Compl., ¶ 16. The TOS does make certain statements about Meta's Facebook offering to users, as discussed more below. In a section titled, "The services we provide," Meta writes that its services include "[c]onnect[ing] you with people and organizations…," "[e]mpower[ing] you to express yourself and communicate…," "[e]nsuring access to our services," "[p]rovid[ing] consistent and seamless experiences across the Meta Company Products" and "[p]romot[ing] the safety, security, and integrity of our services," including "work[ing] hard to maintain… availability, authenticity, integrity…". Dkt 4, Duffey Decl., Ex. A § 1. In other words, it is not challenging to identify which parts of the TOS Plaintiff may be referring to when she alleges misrepresentation. However, this is insufficient. Plaintiff must identify particular statements which she alleges are misrepresentations. Plaintiff must also do more than allege she "relied on them" to establish sufficiently the element of reliance. *See Small v. Fritz Companies, Inc.*, 65 P.3d 1255, 1265 (Cal. 2003). For both reasons, Plaintiff's claim for negligent misrepresentation fails at this stage, but leave to amend is granted.

### ii. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege, the "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). Plaintiff alleges that Meta breached its agreement by "failing to… maintain reasonable security for Plaintiff's account," "provide an effective account-recovery mechanism," and "safeguard Plaintiff from unauthorized charges," Dkt. 1-1, Compl., ¶¶ 10–11. Plaintiff alleges "she has suffered damages including reputation harm, lost business opportunities,

and emotional distress." *Id.* ¶ 12.

In Meta's view, "Plaintiff's Complaint identifies no provision in the Terms that requires Meta to prevent unauthorized account access by third parties or restore access following unauthorized access, and, indeed, no such provision exists. To the contrary…the [TOS terms] expressly provide (a) that Meta does not guarantee that the Facebook service always will be safe, secure, or error-free or function without disruptions and (b) that Meta cannot be held liable for the acts and conduct of third parties." Dkt. 15, Mot. to Dismiss, at 11. However, as discussed, the TOS does not bar liability here and Meta makes a series of statements which plausibly amount to promises in a section called "The services we provide." Meta also explains in detail that

> [Meta] employ[s] dedicated teams around the world, work[s] with external service providers, partners and other relevant entities and develop[s] advanced technical systems to detect potential misuse of our Products, harmful conduct towards others, and situations where [Meta] may be able to help support or protect our community, including to respond to user reports of potentially violating content. If [Meta] learn[s] of content or conduct like this, [Meta] may take appropriate action based on our assessment that may include - notifying you, offering help, removing content, removing or restricting access to certain features, disabling an account, or contacting law enforcement.

Dkt 4, Duffey Decl., Ex. A § 1.

These provisions relate to Plaintiff's allegations of breach and "are unambiguous and well-defined promises from Meta to users." *See Calise v. Meta Platforms, Inc.*, No. 21-CV-06186-JSW, 2025 WL 4055267 (N.D. Cal. Sept. 22, 2025), *motion to certify appeal granted*, No. 21-CV-06186-JSW, 2026 WL 61483 (N.D. Cal. Jan. 8, 2026). "In the TOS, Meta promises to 'take appropriate action – for example, offering help, removing content, removing, or restricting access to certain features, disabling an account, or contacting law enforcement.' … These promises manifest its intent to be legally obligated to 'take appropriate action'…". *See id*.

In sum, Plaintiff plausibly alleges that Meta made and breached promises to ensure reasonable access to its services, empower Plaintiff to communicate via its services, work hard to maintain access and integrity, and take "appropriate" action when it failed to restore Plaintiff's account to her. This failure also plausibly results in damage because Plaintiff has lost business contacts, channels of communication, and ability to market and maintain her brand. The breach of

contract claim should not be dismissed on these grounds.

### iii. Conversion

The elements for a claim of conversion are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.,* No. C 03-3721, 2005 WL 3325051 at *23 (N.D.Cal. Dec.7, 2005) (citing *Farmers Ins. Exch. v. Zerin,* 53 Cal.App.4th 445, 451, 61 Cal.Rptr.2d 707 (3rd Dist., 1997)). "To prove ownership, a plaintiff need not show legal title to or absolute ownership in the property; plaintiff need only establish that it is "entitled to immediate possession at the time of conversion." *Farmers,* 53 Cal.App.4th at 452, 61 Cal.Rptr.2d 707 (citations omitted).

Meta suggests Plaintiff's claim for conversion is with regard to her credit card payments, which were reversed, but this mischaracterizes Plaintiff's claim. Plaintiff alleges "Meta has wrongfully exercised dominion over Plaintiff's personal content, data, and business communications by denying Plaintiff access without lawful justification." Dkt. 1-1, Compl., ¶ 19. It is plausible at this stage that Plaintiff has a property interest in the information and communications she can no longer access due to Defendant's affirmative actions and that the loss of access has caused damage. *See Matthews*, 769 F. Supp. 3d at 1011. Accordingly, this claim can be maintained.

### VI. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. The motion is denied as to Plaintiff's claims for breach of contract and conversion, granted with leave to amend as to her negligent misrepresentation claim, and granted without leave to amend as to her negligence claim. An amended complaint must be filed no later than April 30, 2026.

Plaintiff is advised again that going forward failure to abide by the rules may result in dismissal. Plaintiff is also advised that she may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center, which may be able to help connect her to an attorney who may be able to provide basic legal help, but not legal representation. The Center may be reached by calling

(415) 782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED**.

Dated: March 30, 2026

_____
RICHARD SEEBORG
Chief United States District Judge